The opinion of the Court was delivered by
Carroll, Ch.
(a) In the issue at law as to the land claimed by Jesse Gilbert, Jr., the verdict rendered was “ that the deed had been duly, delivered and made, • upon a valuable consideration.” No motion was submitted on 'the part of the plaintiffs for a new trial. Nor does the Chancellor ap *48 pear to be dissatisfied with, tbe verdict. Tbe deed to Jesse Gilbert, Jr., furnishes satisfactory evidence, at tbe least, of an executory contract for tbe sale of tbe land in fee. "With a contract thus manifested, and with actual possession by tbe vendee under it, bis claim to a specific execution of tbe agreement could not be resisted. In tbis jurisdiction tbe vendee, under sucb circumstances, is treated as tbe equitable owner. He may transfer bis interest in tbe land, may devise it as land, and as land it passes by descent to bis beir. Story, Eq., § 783, 790. It is not deemed necessary to say more as,to sucb of tbe grounds of appeal as assert tbe claim of tbe plaintiffs to a partition of tbe land referred to.
Whether tbe conveyances of lands alleged to have been made by tbe intestate, Jesse Gilbert, Sr., to bis other sons or their children passed absolute or life-estates only, tbe Court has not been provided with tbe means of determining. No copy of those instruments, -or other competent evidence of their contents, appears in tbe brief of tbe appellants. It is to be inferred, however, that as to those deeds, or tbe lands conveyed by them, no serious controversy arose at tbe bearing. Tbe sons of tbe intestate, in their answers, denied that be died seized of any lands subject to partition; and it is stated in tbe circuit decree that “ none of tbe answers appear to be controverted in tbis respect, except tbe answer of Jesse Gilbert, Jr.”
All tbe questions as to -advancements, suggested by tbe appellants, seem to be concluded by previous proceedings in tbe cause. Tbe matters of account were directed to be audited by a special referee. His report was presented at tbe bearing. No exceptions to it were taken by any of tbe parties, and tbe report was confirmed. Tbe objections to tbe decree, in respect of tbe alleged advancements, should have been presented as exceptions to tbe report. It has not been shown or suggested that tbe plaintiffs were prevented from taking sucb exceptions by accident, mistake, or sur *49 prise, and they cannot now be considered or entertained. It is ordered that the Circuit decree be affirmed, and the motion dismissed.
Dunkin, C. J., and 'Wardlaw, A. J., concurred.

Decree affirmed.

 Sitting for Inglis, A. J., who had been of counsel in the ease.